UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

ANTHONY FELICE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　)　　Case No. 4:09-cv-71
　　　　　　　　　　　　　　　　　)
REPUBLIC AIRLINES, INC.,　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　Defendant　　　　　　　)

## REPORT AND RECOMMENDATION

This matter is before the court on the Order referring the Motion to Dismiss and for Attorney's Fees [DE 41] to the magistrate judge for a report and recommendation [DE 46]. For the following reasons, the court RECOMMENDS that the Motion to Dismiss and for Attorney's Fees be GRANTED IN PART and DENIED IN PART.

## Background

Counsel for the plaintiff, Anthony Felice, filed Felice's complaint on October 8, 2009. The parties conducted discovery throughout 2010, and on October 26, 2010, Felice's counsel moved to withdraw their appearances. In the order granting counsels' motion to withdraw, the court instructed Felice to contact the case manager to provide a telephone number where he could be reached. On October 27, 2010, the court also stayed all proceedings for 60 days to allow Felice time to retain new counsel.

A status conference was scheduled for December 28, 2010, and on December 3, 2010, the then pro se Felice filed a motion to continue the status conference. Felice stated that he would be out of the country for an unspecified time and requested a three month extension of all deadlines. Republic agreed to re-schedule the status conference, but it objected to the three month extension of all deadlines. Instead, Republic asked the court to vacate all deadlines and to provide the pro se plaintiff with a deadline for retaining new counsel.

On December 6, 2010, the court entered an order vacating all case management deadlines and setting this matter for a status conference on March 14, 2011. The order instructed Felice to appear in person at the conference unless he was represented by counsel or made other arrangements with the case manager. Felice did not appear personally or by counsel at the March 14, 2011 status conference, nor did he inform the court or Republic's counsel that he was unable to attend.

The court issued a show cause order on March 15, 2011. Felice responded that he was absent from the status conference because he was out of the country and was unable to retain counsel until March 23, 2011. On March 24, 2011, Felice's new counsel entered an appearance.

Republic represents that it incurred expenses and costs in the amount of $9,077.59 in preparing and attending the March 14, 2011 status conference.

## Discussion

Federal Rule of Civil Procedure 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . ." Rule 37(b)(2)(A) authorizes the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The court should consider several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." Rice v. City of Chicago, 333 F.3d 780, 784 (7th Cir. 2003) (citing Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998)). The sanctions must be proportional to the party's misconduct. Collins v. Illinois, 554 F.3d 693, 696-698 (7th Cir. 2009). The court must weigh the proposed sanctions against the egregiousness of the party's conduct. Barnhill v. United States, 11 F.3d 1360, 1368 (7th Cir. 1993).

Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. Sun v. Board of Trustees, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well established policy of favoring trial on the merits over default judgments); Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003); Danis v. USN Communications, Inc., 2000 WL 1694325, *33-34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad

faith or fault by the non-complying party") (citing Societe Internationale v. Rogers, 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (explaining that a party should only be sanctioned with dismissal in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party)). The court first must consider whether less severe sanctions will remedy the damage. Marrocco v. General Motors, 966 F.2d 220, 223-24 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction. When assessing dismissal for want of prosecution or failure to comply with a court order, the court must consider whether there has been a clear record of delay or contumacious conduct or whether less drastic sanctions have been unavailing. Maynard, 332 F.3d at 468-69; Large v. Mobile Tool International, Inc., 2008 WL 2116967, *7 (N.D. Ind. 2008) ("[C]ontumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required."). "A slightly different requirement - a finding of willfulness, bad faith or fault - comes into play when dismissals are used specifically as a discovery sanction under Fed.R.Civ.P. 37." Maynard, 332 F.3d at 468-69 (citing In re Golant, 239 F.3d 931, 936 (7th Cir.

5

2001); Langley v. Union Electric Co., 107 F.3d 510, 514 (7th Cir. 1997); In re Rimsat, Ltd., 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court)). When determining whether to enter a default judgment to sanction a party for his failure to comply with a court order, the court must develop a clear record of the contumacious conduct or failure to obey court orders. Beyer v. Cormier, 235 F.3d 1039, 1041 (7th Cir. 2000). Otherwise, it is an abuse of discretion for the court to enter a default judgment without first firing a warning shot by imposing less severe sanctions. Beyer, 235 F.3d at 1041. In any case, when issuing sanctions the court must keep in mind the Seventh Circuit's policy favoring trial on the merits. Maynard, 332 F.3d at 468.

Republic seeks the dismissal of Felice's claims because he failed to appear at the March 14, 2011 status conference or to notify the court of his inability to attend and because he failed to file a timely response to the March 15 show cause order. Felice responds that he was out of the country and had difficulty communicating. In support of its position, Republic relies on Wilson v. Park Center Inc., 2011 WL 614091 (N.D. Ind. Feb. 11, 2011), for the proposition that a default judgment may be entered when a party fails to appear at a status conference despite being

6

aware of the date it was scheduled.  However, Wilson's conduct was far more contumacious than Felice's.  Wilson repeatedly denied receiving correspondence, harassed the court for e-mail correspondence, and misrepresented her knowledge of the status conference to the court.  Wilson, 2011 WL 614091 at *2-3; Wilson v. Park Center, 2010 WL 5818293, *1-2 (N.D. Ind. Oct. 8, 2010). It was evident that Wilson's absence was a willful disobeyance of the court's order because she did not receive the type of notice she desired.  Wilson, 2011 WL 614091 at *2-3; Wilson, 2010 WL 5818293 at *1-2.  Here, the record is not so developed.  The only transgression Republic points to was Felice's sole absence from the March 14, 2011, status conference.  Although Felice failed to provide an adequate explanation for missing the status conference without notifying the court of his inability to attend, Felice's sole transgression is not of the degree to warrant dismissal. The court finds that less severe sanctions are more appropriate, and RECOMMENDS that the district court ORDER Felice to pay the costs and expenses Republic incurred in preparing and attending the March 14, 2011, status conference in the amount of $9,077.59.[1]

---

[1] In his response, Felice did not challenge either the hours claimed by defense counsel or his hourly rate.  Therefore, the court accepts the claimed attorney fees as reasonable.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court, with extra copies e-mailed to the Chambers of the Honorable Jon E. DeGuilio, Judge of the United States District Court, South Bend Division, and the Chambers of United States Magistrate Judge Andrew P. Rodovich, Hammond Division. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Willis v. Caterpillar, Incorporated, 199 F.3d 902, 904 (7th Cir. 1999); Johnson v. Zema Systems Corporation, 170 F.3d 734, 739 (7th Cir. 1999); Hunger v. Leininger, 15 F.3d 664, 668 (7th Cir. 1994); The Provident Bank v. Manor Steel Corporation, 882 F.2d 258, 260-61 (7th Cir. 1989); United States v. Johnson, 859 F.2d 1289, 1294 (7th Cir. 1988); Lebovitz v. Miller, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 7th day of June, 2011

s/ ANDREW P. RODOVICH
United States Magistrate Judge