UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ANTHONY FELICE , | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) CAUSE NO.: 4:09-CV-0071-JD-APR |
| | ) |
| REPUBLIC AIRLINES, INC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER AND MEMORANDUM**

This matter comes before the court on a Report and Recommendation [DE 47] from

Magistrate Judge Andrew P. Rodovich. This court hereby denies the plaintiff's partial objection to

the Report and Recommendation, and adopts the Report and Recommendation in whole. Thus,

Defendant's Motion to Dismiss and for Attorney's Fees [DE 41] is denied in part and granted in

part. It is denied as to the request for a dismissal sanction and granted as to the request for a fee

sanction.

## I.   BACKGROUND

The Plaintiff, Anthony Felice, through his attorney filed his Complaint [DE 1] on October

8, 2009. For approximately one year, the parties engaged in discovery. On October 26, 2010, counsel

for Felice moved to withdraw their appearances. [DE 22]. The court granted the withdrawal and

stayed all proceedings for 60 days to allow Felice time to retain new counsel. [DE 26]. A status

conference was scheduled for December 28, 2010.

On December 3, 2010, Felice filed a *pro se* motion to continue the status conference. [DE

1

27]. Felice stated that he would be out of the country for an unspecified time and requested a three month extension of all deadlines. Instead, the court vacated all deadlines and set the matter for a status conference on March 14, 2011. [DE 29]. Pursuant to the court's order, Felice was to appear in person at the status conference unless he was represented by counsel or made other arrangements with the case manager[1]. Felice did not appear, nor did he give advance notice that we was unable to attend.

The court issued a show cause order on March 15, 2011. [DE 34]. Felice responded that he was absent from the status conference because he was out of the country and was unable to retain counsel until March 23, 2011. On March 24, 2011, Felice's new counsel entered an appearance. [DE 35].

In response to Felice's failure to appear for the status conference, the Defendant, Republic Airlines, Inc., filed a Motion to Dismiss and For Attorney's Fees on April 22, 2011. [DE 41]. In addition to asking the court to dismiss the lawsuit, Republic sought $9,077.59 in fees pursuant to Fed. R. Civ. P. 16(f)(1) and (2). Felice filed his Response in Opposition on April 26, 2011, objecting only to the portion of the Defendant's motion requesting dismissal. [DE 42].

On June 7, 2011, Magistrate Judge Andrew P. Rodovich issued a report in which he recommended that the district court deny the Motion to Dismiss but grant the fee sanction. [DE 47].

---

[1] Judge Rodovich's Order stated, in relevant part:

> "All deadlines in this matter are VACATED. Plaintiff is given until March 3, 2011 to retain new counsel. If no new counsel is retained by that date, a status conference is set for the 14th day of March, 2011 at 9:30 a.m. (EST) before Magistrate Judge Andrew P. Rodovich in the Lafayette Courthouse at 230 N. Fourth Street, Lafayette, IN. Plaintiff is to appear in person for the status conference on March 14 unless he is represented by counsel by that date or previous arrangements have been made with the case manager at 219-852-6614."

Judge Rodovich noted that Felice challenged neither the hours reported by Republic's attorneys nor the hourly rates at which those hours were billed. He therefore accepted the claimed attorney's fees as reasonable.

On June 10, 2011, Felice filed an objection to the Report and Recommendation acknowledging the propriety of a fee sanction, but disputing whether the sum claimed by Republic was reasonable or properly recoverable. [DE 48]. On June 14, 2011, Republic filed its response. The issue is now before the court.

## II.    DISCUSSION

The district court has discretion to accept, reject, modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Under Federal Rule of Civil Procedure 72(B), the district court must undertake a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, the court can only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997). This court now adopts the Report and Recommendation of the magistrate judge. The court finds no clear error in the magistrate judge's decision that dismissal of the action is too extreme a remedy, and the court agrees, reviewing *de novo* over Felice's objection, that attorneys' fees in the amount requested are an appropriate sanction for Felice's admittedly "poor judgment." [DE 48 § II].

A.    **Motion to Dismiss**

Federal Rule of Civil Procedure 16(f) provides that "[o]n motion or its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference[.]" Fed. R. Civ. P. 16(f)(1)(A). Under Rule 37(b)(2)(A), the court may sanction an offending plaintiff by dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). However, dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. *See Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well established policy of favoring a trial on the merits of the case rather than on a default judgment). The court considers several factors when determining which sanctions to employ, including the frequency and magnitude of the party's improper conduct, the effect of his or her conduct on the court's time and schedules, and the prejudice to the other parties in the litigation. *See Rice v. City of Chi.*, 333 F.3d 780, 784 (7th Cir. 2003). The court must weigh the proposed sanctions against the egregiousness of the party's conduct, *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir. 1993), and seeks to impose punishment proportional to the offense. *Collins v. Ill.*, 554 F.3d 693, 696-98 (7th Cir. 2009).

The magistrate judge held that dismissal is not warranted in this case, and Republic did not challenge his recommendation. There is no clear error here. Felice was undoubtedly wrong to ignore the order of the magistrate judge – especially after the court had already continued it once at his request – but dismissal would be a sanction grossly disproportionate to Felice's single instance of noncompliance with Rule 16. This court agrees with the magistrate judge that the level of egregiousness sufficient to warrant dismissal under Rule 37(b)(2)(A)(v) has not been reached, and the Report and Recommendation as to the defendant's dismissal request is adopted.

4

**B.      Attorney's Fees**

Felice did not challenge the reasonableness of the amount of attorneys' fees Republic requested before the magistrate judge. Courts routinely have held that arguments not raised before a magistrate judge and instead raised for the first time in an objection before the district judge are waived. *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir.2000); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 849 (7th Cir. 1999); *Ice Glass Prints Fla., LLC v. Surprize* LLC, 2010 WL 1702195 at * 4 (N.D. Ill. April 10, 2010); *Cunningham v. Posnet Servs., LLC*, 2008 WL 905881 at *8-9 (S.D.Ill. April 1, 2008). "[T]here are good reasons for the rule that district courts should not consider arguments not raised initially before the magistrate judge, even though their review in cases governed by 28 U.S.C. § 363(b)(1) is *de novo*." *Melgar*, 227 F.3d at 1040. First, "[f]ailure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument[.]" *Id*. "Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's Report and Recommendation are taken as established unless the party files objections to them." *Id.* Pursuant to *Melgar* and similar cases, Felice's challenge to the reasonableness of Republic's fee request is waived. *See Melgar*, 227 F.3d at 1040; *Divane,* 194 F.3d at 849.

Even if the argument was not waived, however, this court would agree with the Report and Recommendation of the magistrate judge. Federal Rule of Civil Procedure 16(f)(2) requires that "[i]nstead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the *reasonable* expenses – including attorney's fees – *incurred because of* any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an

award of expenses unjust." (emphasis added). The reasonableness of Republic's requested fee amount is supported by the detailed, sworn attorney affidavit attached to its original motion. The affidavit includes the attorneys' actual billing rates charged to other clients during the 2011 year for comparable work, and these are "presumptively appropriate" to use as the market rate.[2] *Gusman v. UniSys Corp.*, 986 F.3d 1146, 1150 (7th Cir. 1993). Felice has done nothing to rebut this presumption, and the court is satisfied that the billing rates are reasonable. The only remaining issue is whether the fees sought were "incurred because of" Felice's non-compliance with Rule 16(f).

Republic's attorney affidavit, submitted by David Carr, calculated the fees request based on a billing table. The table contains the date work was performed, an identification of the attorney performing the work, a description of the work performed, the hours worked, and the total amount billed for each. Felice's objection to the Report and Recommendation argues that several of the line items from the table do not represent expenses incurred "because of" his failure to appear. Felice's arguments are meritless. Republic's attorney expenses, as recounted in the affidavit submitted by Attorney Carr, can be divided into two general categories: (1) expenses incurred in preparing for, traveling to, and attending the March 13, 2011, status conference, which Felice failed to attend; and (2) assessing, researching, and preparing the motion for sanctions that followed.

Felice objects to items from the first category on the grounds that they occurred before his

---

[2] An attorney's "opportunity cost," that is, the rate the attorney could have received from another client charged by hour for the same type of work, is the starting point for determining his or her market rate. *See, e.g., Cooper v. Casey*, 97 F.3d 914, 920 (7th Cir.1996); *see also Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir.1986) ("the best evidence of the value of [an attorney's] time is the hourly rate which they most commonly charge their fee-paying clients for similar legal services ") (citations omitted).Thus, it is vitally important that the attorneys confirmed that the rates charged in this matter were commensurate to the rates they charged other clients for comparable work. Had the affidavit included only the attorneys' hourly rate in *this* matter, for example, the court would be unable to determine the attorneys' opportunity cost, and would need to "look to the rate charged by lawyers in the community of reasonably comparable skill, experience, and reputation" to assess how the market would price these attorneys' services. *People Who Care v. Rockford Bd. of Educ., School Distr. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). But that is unnecessary here.

failure to appear and therefore could not have been incurred because of it. Felice is missing the point. Because he failed to attend the status conference, Attorney Carr and his associates had to bill their client for time that was essentially wasted. Instead of an opportunity for the parties to meet with the court and decide how to move this case forward, the status conference was unproductive. Any business that should have been conducted therein had to be "punted" forward to be conducted at some other time: a time when the plaintiff saw fit to attend, and a time when the defendant would surely need to incur preparation and travel expenses all over again. This needless expansion of the defendant's expenses occurred because of the plaintiff's failure to appear.

Felice broadly objects to the second category of expenses on the grounds that they were not incurred because of his failure to appear. This is flatly incorrect, and it borders on frivolous. But for Felice's failure to attend the status conference, Republic surely would not have moved the court to sanction Felice for his failure to attend the status conference. Plainly, Felice's failure to appear for the status conference was the reason the defendant filed for sanctions. It was also the reason the magistrate judge had to rule on a motion for sanctions, and it is also the reason this court is now addressing the issue.

Felice waived any objection to the amount of the fee request by failing to raise the issue to the magistrate judge. But even if he had not, this court would agree with the magistrate judge that the requested fees are reasonable.

### III. CONCLUSION

Therefore, this court hereby DENIES the plaintiff's partial objection [DE 48] and ADOPTS the magistrate judge's Report and Recommendation. [DE 47]. Defendant's Motion to Dismiss and for Attorney's Fees [DE 41] is GRANTED IN PART AND DENIED IN PART. The motion to

dismiss is denied, but plaintiff Felice is ORDERED to pay attorney's fees in the amount of $9,077.59.

SO ORDERED.

ENTERED:   January 17, 2012  .

                                                    /s/ JON E. DEGUILIO
                                                    Judge
                                                    United States District Court