UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| ANTHONY FELICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-071-JD |
| | ) | |
| REPUBLIC AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Now before the Court is Defendant Republic Airlines, Inc.'s motion for reconsideration [DE 66] of the Court's order denying summary judgment [DE 63]. The motion for reconsideration has been fully briefed [DE 67; DE 74; DE 75]. Republic believes the Court inappropriately accepted certain facts as true, thereby resulting in its erroneously denying summary judgment on Plaintiff Anthony Felice's complaint which asserted Title VII claims of sex and race discrimination resulting in his forced resignation[1] [DE 1]. For the following reasons, Republic's request for reconsideration [DE 66] is DENIED.

**Standard of Review**

While Republic's counsel did not indicate which rule his motion is brought pursuant to, the Court invokes Federal Rule of Civil Procedure 54(b) which provides the Court with the inherent power to reconsider non-final orders, as justice requires, before entry of judgment. *See Lockhart v. ExamOne World Wide, Inc*., 904 F.Supp.2d 928, 951 (S.D. Ind. 2012); *Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.,* No. 1:11-CV-249, 2012 WL 4794380, *1 (N.D. Ind. Oct. 9, 2012). Ultimately, motions for reconsideration serve a limited function; to

---

[1] The parties agree that Felice was forced to resign and that his forced resignation in lieu of termination constituted an adverse employment action [DE 57 at 16; DE 61 at 12, n. 11]. For the sake of clarity, throughout this order the Court may refer to the adverse action as Felice's termination.

correct manifest errors of law or fact or to present newly discovered evidence. *Id.*; *see also Tecnomatic, S.P.A. v. Remy, Inc.*, No. 1-11-cv-00991-SEB-MJD, 2013 WL 3188814, *2 (S.D. Ind. June 20, 2013). It is well-settled that a motion to reconsider is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment. *Id.*; *see also Fannon v. Guidant Corp.*, 583 F.3d 995, 1003 (7th Cir. 2009) (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Republic does not suggest that it has newly discovered evidence upon which its motion rests. Rather, Republic contends that the Court committed error in the following ways: (1) by accepting that Felice was terminated for failing to follow company policies and procedures during and after Flight 3421, rather than accepting Republic's added assertion that Felice was terminated for his potential inability to perform the job safely; (2) by finding sufficient evidence of pretext despite the fact that Jeff Davis's reason for terminating Felice was because Felice's actions presented a safety risk to the aircraft and the passengers of Flight 3421; and (3) by failing to exclude comparator evidence which was based on documents that Felice did not produce and which were union records rather than business records of Republic.

For the reasons that follow, Republic's motion is not supported by any circumstance making summary judgment appropriate on reconsideration and the instant case does not involve a manifest error of law or fact.

## Discussion

The Court incorporates by reference the extensive factual background concerning Felice's piloting of Flight 3421 on behalf of Republic on February 16, 2008, as set forth in its previous summary judgment order [DE 63 at 1-9], except with respect to the particular facts

which Republic takes exception with in its motion for reconsideration. The Court considers these facts in turn.

### *Reason for Felice's Termination, Satisfactory Performance, & Evidence of Pretext*

Republic contends that the Court erroneously accepted as undisputed the fact that Felice was terminated for failing to follow company policies and procedures during and after Flight 3421, rather than accepting Republic's assertion that Felice was terminated for failing to follow company policies and procedures *which indicated Felice's potential inability to perform the job safely*. However, as further detailed below, Republic is mistaken because the Court *did* consider Republic's reason for terminating Felice by specifically stating "although the Court does not second-guess facially legitimate business decisions, the decision here [to terminate] appears not so legitimate where Felice has pointed to specific facts placing Republic's explanation in doubt . . . [and as such] the record does not support Republic's contention that Felice's behavior indicated his inability to perform his job safely" [DE 63 at 20] (citing *Culver v. Gorman & Co.*, 416 F.3d 540, 547 (7th Cir. 2005) ("Summary judgment is appropriate only if a reasonable fact finder would be compelled to believe [the employer's] explanation, and [plaintiff] can avoid summary judgment by pointing to specific facts that place the employer's explanation in doubt.") (internal citation and citation omitted)).

The facts supporting the basis for Felice's termination reveal that in responding to the complaint, Republic admitted that "on March 5, 2008, Republic requested that Felice resign or face termination due to his violations of Republic's policies and procedures as pilot of Republic Airlines Flight 3421, on February 16, 2008, and due to his failure to timely report that he had declared an emergency aboard Flight 3421." [DE 10 at 7, ¶ 23]. In support of its summary judgment motion, Republic filed Jeff Davis's March 9, 2009 affidavit similarly admitting that

"Republic Airlines requested that Felice resign due to his violations of Company policy and procedure as pilot of Republic Airlines Flight 3421, on February 16, 2008, and due to his failure to timely report that he had declared an emergency aboard Flight 3421." [DE 58-3 at 3, ¶ 17]. Davis's affidavit did not identify a particular policy allegedly violated by Felice. Thereafter, on June 22, 2012, some three years later, Davis signed another affidavit noting that "Republic terminated (or requested resignations from) eight (8) Captains or First Officers (including Felice) who, like Felice, *were involved in incidents that*, from Republic's perspective, indicated a potential inability to perform their job duties safely." [DE 58-2 at 2 ¶ 3] (emphasis added). While the second affidavit identified the incidents that the other pilots were involved in, *see infra* at 7, Jeffrey Davis did not specify what the precise "incident" was that indicated Felice's inability to safely perform his job. *Id*. Nor does Republic explain why now characterizing the alleged violations as safety concerns impacts the analysis or result. In addition, Republic admittedly never provided Felice a written statement of the precise charges against him which ultimately resulted in his termination [DE 62-1 at 4-5], nor has Republic explained why certain policy violations would have put the passengers and flight at risk.

Despite the ambiguous subsequent basis offered by Republic for Felice's termination—that is, Felice's evidencing a potential inability to perform his job safely—the Court considered this reason when denying Republic's summary judgment request. While the Court will not reiterate its entire holding, in determining that Felice had met the prima facie case and had raised disputed issues of material fact concerning his satisfactory job performance, the Court held that the company policies reportedly violated by Felice (thereby allegedly evidencing his failure to safely perform his job) was a matter of dispute; even assuming Felice did not timely file an irregularity report or report his diversion or fuel emergency to dispatch—these

4

violations constituted mere reporting violations; and ultimately, a reasonable fact finder would not be compelled to believe that Felice's conduct revealed an inability to perform his job safely thereby warranting termination where similarly situated non-Caucasian or female pilots were not terminated for more egregious or similar offenses [DE 63 at 18-20, 22-23].  The Court considered Republic's stated basis for terminating Felice and found summary judgment inappropriate.  While Republic may disagree with the Court's conclusion, the Court certainly did not omit from its consideration Republic's stated basis for its employment decision, including its characterization that Felice's conduct was unsafe.  And as next addressed, Felice has raised an issue of material fact concerning whether Republic's reason for termination was pretext for discrimination, and therefore summary judgment is not proper.

Republic's related contention, that the Court erred by finding evidence of pretext, is also without merit.  Republic believes that the Court should have accepted without contravention Jeff Davis's reason for terminating Felice, in that Felice's actions in violating company policies presented a safety risk to the aircraft and the passengers of Flight 3421.  However, Republic's position essentially turns the summary judgment standard on its head, by requiring the Court to view the facts in its favor and ignore evidence which called into question whether Felice was unsatisfactorily performing his job as alleged by Republic and whether Davis honestly believed his stated basis for terminating Felice.[2]

To recap, the Court determined that when construing the facts in Felice's favor it was evident that upon passing over Dallas/Fort Worth International Airport, Felice had considered the amount of fuel that remained in the aircraft and reported his fuel levels to dispatch.  Felice also considered the amount of fuel he thought would remain in the aircraft upon landing in

---

[2] The Court reasoned that the issues of satisfactory performance and pretext overlapped in this case [DE 63 at 21].

Austin, Texas (AUS), his original "filed alternate," where he had chosen to land—a decision which was within his authority and did not require an amended release. Ultimately, it was dispatch who never confirmed Felice's actual fuel burn levels, despite its responsibility to do so. In addition, Felice was never told that he had inadequate fuel to make it to AUS after notifying dispatch he was heading there, and Felice was not given sufficient time or information concerning the use of alternative airports for landing. After having to avoid inclement weather and burn more fuel on his way to AUS, Felice believed he would land with less than 2,000 pounds of fuel and therefore declared a "fuel emergency" in accordance with Republic's policy. Felice actually landed safely with 25% more fuel than required of a fuel emergency. Republic's Flight Operations Manual (FOM) does not indicate that an irregularity report is required when a pilot declares "emergency fuel"; rather, dispatch is to be notified when possible. Felice ultimately filed an irregularity report three days after the incident.

In requesting summary judgment, Republic asserted that Felice was not meeting its legitimate performance expectations by: failing to remain vigilant as to the fuel levels on Flight 3421; disregarding the directive to remain aware of fuel consumption; proceeding to AUS without considering the amount of fuel burned; disregarding closer alternative airports for landing; failing to contact dispatch; and failing to file an irregularity report within 48 hours [DE 57 at 17-18]. Yet, the Court concluded that these contentions were genuinely disputed by the facts recited above relative to the events surrounding Flight 3421, and Republic does not now contend that these facts were incorrectly determined. Moreover, there is no policy which required a written irregularity report when only "emergency fuel" was declared, as opposed to an actual "emergency." Because Felice showed that there were genuine factual disputes about whether he had in fact violated Republic's policies, a rational jury could question whether Davis

6

honestly believed that Felice had in fact committed such violations thereby putting the flight and its passengers at risk. *See Stockwell v. City of Harvey*, 597 F.3d 895, 901 (7th Cir. 2010) (if the plaintiff uses indirect evidence to show pretext, he must show that the employer's reason is not credible or is factually baseless); *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006) ("The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise or well-considered.").

In addition, even assuming Felice had engaged in reporting violations by failing to contact dispatch or file an irregularity report after landing, the honesty of Davis's belief that these reporting violations necessitated Felice's immediate termination without written charges of the particular violations was suspect. The Court noted in its summary judgment order that although Republic was not required to engage in progressive discipline, "because its disciplinary actions are usually 'progressive in nature' the failure to employ the policy here without sufficient explanation as to how Felice's conduct amounts to serious misconduct, that avoids the customary progressive discipline, makes suspicious Republic's decision to terminate Felice." [DE 63 at 19]. And Republic's attempt to equate Felice's alleged reporting violations to other piloting errors involving leaving cockpits unattended, taking an aircraft off of the runway, failing to give notice of takeoff, landing at an incorrect airport, and hitting the wing of an aircraft on a concrete barrier, called into question the credibility of Republic's stated reason for employing immediate termination. In addition, Felice had provided some evidence supporting the inference that the real reason for his termination was discriminatory given the non-termination of similarly situated non-Caucasian or female pilots for more egregious or similar offenses, and given Republic's admitted track record for terminating Caucasian males [DE 63 at 23]. *See Stockwell*, 597 F.3d at 901 (in order to show pretext, a plaintiff must show that the employer's

non-discriminatory reason was dishonest and the employer's true reason was based on a discriminatory intent). In the end, Felice had at least sufficiently established triable issues concerning his job performance and whether the stated reason for his termination was pretext for discrimination [DE 63 at 23]. On reconsideration, Republic offers no legitimate basis for reversing the Court's previous decision.

### *Comparator Evidence*

Lastly, Republic believes the Court erred by not excluding comparator evidence. The Court would first note that Republic never filed a motion to strike Felice's comparator evidence in accordance with the local rules. *See* N.D. Ind. L.R. 56-1(e) ("Any dispute regarding the admissibility of evidence should be addressed in a separate motion in accordance with L.R. 7-1."); N.D. Ind. L.R. 7-1(a) (stating that "[m]otions must be filed separately . . ."). Instead, in its memorandum in support of summary judgment, Republic mentioned in passing that based on Felice's *deposition*, Felice professed no first-hand knowledge of the alleged comparable incidents involving Erin Lloyd and Keri Weber [DE 57 at 9]. Then in its summary judgment reply brief, Republic contended that Felice's *deposition and affidavit* indicated he had no first-hand knowledge of *any* comparators because Felice derived the information only from reports he reviewed [DE 62 at 6-7]. Yet, if Republic thought the comparator evidence was inadmissible for summary judgment purposes, then it should have properly advanced such an argument by way of a separate motion to strike, not simply by mentioning it in its briefs, which effectively prevented Felice from having a full and adequate opportunity to respond to the different arguments presented concerning the admissibility of the deposition and affidavit.[3] Because a motion to

---

[3] The Court realizes that in responding to Republic's motion for summary judgment, Felice sought to have particular evidence struck, which the Court ultimately considered in its ruling [DE 61]. However, the Court did so because Felice's requests unambiguously included specific requests to strike particular evidence, and more importantly, Republic was provided a full opportunity to respond—in fact, Republic did so respond. Here, Felice was not afforded an

reconsider does not provide a vehicle for Republic to undue its procedural errors, *see Fannon*, 583 F.3d at 1003, reconsideration would be inappropriate on this basis.

Even so, the Court did not err in considering Felice's comparator evidence with respect to Jerome Smith and Keri Weber. On reconsideration, Republic's sole argument is that Felice had no personal knowledge of the incidents in which Smith and Weber were involved; rather, Felice's statements were based on his review of unproduced union reports which were not admissible as business records from Republic. Republic's current contention that the unproduced reports were only those of the union, is made without reference to any evidentiary support.

During Felice's deposition, Felice was able to identify various comparators based on his memory. [Felice Depo. at 136-37]. Relative to Jerome Smith, Felice testified that he had "found out" that Smith (an African American male) aborted a takeoff in LaGuardia and never filled out any irregularity report which was mandatory. *Id*. at 136-37, 141-42. Felice did not think that Smith was ever disciplined. *Id*. Relative to Keri Weber (a Caucasian female), Felice testified that she declared an actual emergency in Orlando for a flap malfunction, and Felice believed she did not file an irregularity report and was not disciplined. *Id*.

Republic wants this testimony stricken as hearsay, yet on its face, Felice's deposition testimony indicates that Felice testified from his own recollection of events that took place. Nowhere did Felice assert that he derived this information only from reviewing official reports, as Republic asserts on reconsideration.

Felice subsequently filed an affidavit wherein he declared to have "personal knowledge of the facts set forth," given that he was a Republic airline pilot since 1985 and chairman of the

---

opportunity to respond to Republic's contesting the admissibility of his affidavit testimony, given that Republic raised the issue only in its reply.

union's executive committee for three years until February 2008 [DE 61-35 at ¶¶ 1-4]. In addition, as acting chairman Felice "regularly participated in and/or reviewed official reports of grievances and other disciplinary and/or performance matters involving Republic pilots." [DE 61-35 at ¶ 5]. Felice confirmed that "[o]ne of the reports [he] reviewed involved Jerome Smith" and that he "examined a report involving pilot Keri Weber." *Id*. at ¶¶ 6, 8.

Republic takes these affidavit statements (and Felice's deposition testimony) to mean that the *only* basis for Felice's knowledge about the comparators' incidents is his review of the union's official reports. Yet, neither Felice's testimony nor his affidavit compel this conclusion. As mentioned above, Felice did not premise his deposition testimony on any reports. Moreover, Felice's affidavit assertions are not necessarily premised solely on his review of said reports; rather, Felice indicated that the information in his affidavit was based on his personal knowledge as a pilot for Republic and chairman of the union, in which position he personally participated in grievances and other disciplinary and performance matters involving Republic pilots. Therefore, assuming for the sake of argument that the reports upon which Felice relied in paragraphs 6 and 9 of his affidavit were never produced by Felice and were not business records of Republic admissible via Rule 803(6) (despite a lack of evidence supporting these assertions), this does not negate Felice's personal knowledge of the facts he attested to in his deposition and affidavit. *See, e.g., Waterloo Furniture Components, Ltd. v. Haworth, Inc*., 467 F.3d 641, 648-49 (7th Cir. 2006) (if a witness's testimony is based on his first-hand knowledge of an event as opposed to his knowledge of the document, then Rule 1002 does not apply). Thus, the Court declines to read Felice's affidavit so narrowly as to indicate that the unproduced union reports were the only basis of his knowledge, nor can Republic show that Felice "cannot produce admissible evidence to support the fact[s]" concerning his comparator evidence. *See* Fed. R. Civ. Pro. 56(c)(1)(B);

*Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir. 2013) (citing Fed. R. Civ. P. 56(c)(1)(B) ("A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by showing . . . that an adverse party cannot produce admissible evidence to support the fact."); Advisory Committee Notes on 2010 Amendments to R. 56 ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.")). Because Republic has not shown that the comparator evidence should have been excluded as inadmissible hearsay derived only from unproduced union records, the Court declines to grant Republic the relief it requests upon reconsideration.

## Conclusion

Republic has not established a sufficient basis to alter the Court's denial of summary judgment, and as a result, the Court DENIES Republic's motion for reconsideration [DE 66].

SO ORDERED.

ENTERED: February 14, 2014

 /s/ JON E. DEGUILIO
Judge
United States District Court