UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| ANTHONY FELICE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 4:09-CV-071-JD-APR |
| | ) |
| REPUBLIC AIRLINES, INC, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the court on a Report and Recommendation [DE 89] from Magistrate Judge Andrew P. Rodovich. The undersigned hereby grants the plaintiff's objection to the Report and Recommendation, and rejects the Report and Recommendation that this case be dismissed. The undersigned believes that the appropriate sanction under these circumstances is to order plaintiff's counsel to pay the attorney's fees which are directly attributable to his failure to appear at the April 23rd settlement conference.

**I.  BACKGROUND**

The procedural history of this case is undisputed. The Plaintiff, Anthony Felice, filed his Complaint [DE 1] by counsel on October 8, 2009. For approximately one year, the parties engaged in discovery. On October 26, 2010, counsel for Felice moved to withdraw their appearances [DE 22]. The court granted the withdrawal and stayed all proceedings for 60 days to allow Felice time to retain new counsel [DE 26]. A status conference was scheduled for December 28, 2010.

1

On December 3, 2010, Felice filed a *pro se* motion to continue the status conference [DE 27]. Felice stated that he would be out of the country for an unspecified amount of time and requested a three month extension of all deadlines. Instead, the magistrate judge vacated all deadlines and set the matter for a status conference on March 14, 2011 [DE 29]. Pursuant to the court's order, Felice was to appear in person at the status conference unless he was represented by counsel or made other arrangements with the case manager. Felice did not appear, nor did he give advance notice that we was unable to attend.

The court issued a show cause order on March 15, 2011 [DE 34]. Felice responded that he was absent from the status conference because he was out of the country and was unable to retain counsel until March 23, 2011. On March 24, 2011, Felice's current counsel, Mr. Jay Meisenhelder, entered an appearance [DE 35].

In response to Felice's failure to appear for the status conference, defendant sought dismissal of the lawsuit and $9,077.59 in fees pursuant to Fed. R. Civ. P. 16(f)(1) and (2). Felice objected only to the request for dismissal, and on June 7, 2011, the magistrate judge issued a report in which he recommended not dismissing the case but rather granting the fee sanction [DE 47]. The undersigned agreed with the magistrate judge and ordered Felice to pay $9,077.59 in fees to defense counsel.[1]

Thereafter, the undersigned denied defendant's motion for summary judgment [DE 63] and motion for reconsideration [DE 76]. Upon the parties' joint request, the matter was referred to the magistrate judge to conduct a settlement conference [DE 81-82]. On March 7, 2014, the

---

[1] Plaintiff had hoped to have the fees waived as part of a settlement [DE 79-1] and did not pay the fees until March 2014, when the undersigned required him to make payment within thirty days [DE 81].

magistrate judge issued a text-only electronic docket entry[2] setting a telephonic conference for March 21 at 9:00 a.m. to schedule the settlement conference. On March 21, defense counsel appeared telephonically, but Mr. Meisenhelder failed to appear. The magistrate judge issued a text-only entry that day which noted plaintiff's need to respond to outstanding discovery by March 31 and which set a settlement conference for April 23. Mr. Meisenhelder admitted that he reviewed the text-only entry and immediately contacted defense counsel relative to the outstanding discovery, but inadvertently overlooked the fact that the settlement conference was set. Per Mr. Meisenhelder, neither he nor his assistant realized that the settlement conference had been set and needed to be placed on Mr. Meisenhelder's calendar. As a result, neither Felice nor Mr. Meisenhelder appeared at the settlement conference.

The magistrate judge issued a show cause order, to which Mr. Meisenhelder responded. Mr. Meisenhelder explained that he failed to note that the hearings had been set in the text-only entries (without separate court orders). These orders were also issued at a time when he was preoccupied by the need to care for his pregnant daughter in late February and March. Specifically, Mr. Meisenhelder's daughter was informed on February 18, 2014 that an ultrasound revealed her child presented with an omphalocele, which then required genetic testing for the presence of severe genetic abnormalities including Downs Syndrome, Trisomey 18 and Trisomey 13. As a result of caring for his daughter, Mr. Meisenhelder became behind in his work and only became aware of the March 21 telephonic conference on March 24, after he returned from taking depositions in Hammond. Mr. Meisenhelder conferred with defense

---

[2] It is undisputed that counsel receive notice of these text-only entries by email from the CM/ECF system.

counsel on March 28 and indicated he didn't recall having received any notice that the status conference had been scheduled [DE 88-1]. To make matters worse, despite reviewing the four sentence text-only entry which issued after the status conference, Mr. Meisenhelder only noticed the directive to complete discovery, but he did not notice the scheduling of the settlement conference. Thus, Mr. Meisenhelder maintains he had no actual knowledge that the settlement conference was scheduled and that he was required to attend.

In response, defense counsel argued that the magistrate judge's text-only entries qualified as orders consistent with the CM/ECF User Manual and Local Rule 16-1, and therefore Mr. Meisenhelder was obligated to follow them. Defense counsel urged dismissal of the lawsuit, given Mr. Meisenhelder's failure to appear despite ample notice, and Felice's delayed payment of attorney's fees and previous failure to appear at the March 14, 2011 status conference.

Thereafter, the magistrate judge issued a Report and Recommendation indicating the case ought to be dismissed. The magistrate judge's version of the facts upon which his recommendation relies states that Mr. Meisenhelder responded to the show cause order "stating that he did not attend because the court did not send out a proper scheduling order." [DE 89 at 3]. The magistrate judge also noted that Mr. Meisenhelder's "only justification" for failing to appear at both the telephonic status and settlement conferences "is that he did not receive proper notice because the electronic notification the court sent did not have a written order attached." [DE 89 at 6]. The magistrate judge believed it "highly doubtful that neither of them [Mr. Meisenhelder or his assistant] saw the date for the settlement conference" and ultimately concluded that "[h]aving a preference for a different type of notification is not an excuse for failing to abide by a court order[] [and] [t]his behavior is in addition to the previous conduct that

4

led to the first show cause order and Felice's significant delay in paying the court ordered attorney's fees." [DE 89 at 7]. The magistrate judge thus recommended dismissal of the lawsuit as an appropriate sanction under Rule 37(b)(2)(A).

Mr. Meisenhelder objects to the magistrate judge's report, arguing: the magistrate judge omitted consideration of counsel's personal circumstances at the time of the missed settlement conference, and plaintiff's conduct was not "contumacious" (including Felice's prior instance of failing to appear in March 2011, Felice's delay in payment of the attorney's fees, and Mr. Meisenhelder's failure to appear at the 2014 status and settlement conferences) thereby warranting the extreme sanction of dismissal. Mr. Meisenhelder further explained that he was not suggesting his failure to appear should be excused on account of the text-only orders, but he was merely explaining the total circumstances which led to his overlooking the orders' contents. Mr. Meisenhelder contends that should the undersigned determine sanctions are appropriate, then the proper sanction would be to require him to pay the defendant's attorney fees incurred as a result of plaintiff's failure to attend the April 23, 2014 settlement conference.[3] Defense counsel did not respond to Mr. Meisenhelder's objection to the Report and Recommendation.

## II. DISCUSSION

The district court has discretion to accept, reject, modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Under Federal Rule of Civil Procedure 72(B), the district court must undertake a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *Johnson v. Zema*

---

[3] In the event fees are awarded, defense counsel provided an affidavit attesting to the fees and costs incurred which are directly related to the preparation for and appearance at the settlement conference [DE 87-1]. Mr. Meisenhelder has not objected to the reasonableness of these fees.

*Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*.

After conducting a *de novo* review, the undersigned concludes that given the actual facts of record, dismissal of the action is too extreme a remedy for Felice and Mr. Meisenhelder's misconduct. Payment of defense counsel's attorney's fees in the amount requested is an appropriate sanction.

Federal Rule of Civil Procedure 16(f) provides that "[o]n motion or its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference[.]" Fed. R. Civ. P. 16(f)(1)(A). Under Rule 37(b)(2)(A), the court may sanction an offending plaintiff by dismissing the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal of a lawsuit for failure to comply with the court's orders requires a "clear record of delay or contumacious conduct, or prior failed sanctions." *Collins v. Illinois,* 554 F.3d 693, 696 (7th Cir. 2009); *Lowe v. City of East Chi., Ind.*, 897 F.2d 272, 274 (7th Cir. 1990) ("The district court should consider less severe sanctions than dismissal for a party's noncompliance with court orders or failure to prosecute his or her claim expeditiously, unless 'there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective.'") (citations omitted). And, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.

6

16(f)(2).

No doubt Felice and Mr. Meisenhelder have a less than perfect track record in this case. But Mr. Meisenhelder's recent failures to appear in compliance with two court orders came at a time when he was understandably preoccupied with the serious health condition of his pregnant daughter. While Mr. Meisenhelder's failure to read the entirety of the magistrate judge's text-only orders and take notice of the scheduled hearings is certainly not indicative of responsible lawyering, his neglect is excusable given the serious circumstances Mr. Meisenhelder was under when the orders issued.

Moreover, given the history of this litigation and the personal circumstances surrounding both Felice and Mr. Meisenhelder's failures to appear, the undersigned does not believe there exists a clear record of delay or contumacious conduct. It is true that Felice failed to appear at a prior status conference, but it occurred at a time when he was unrepresented and the appropriate monetary sanctions were imposed. In addition, while it took two years for him to pay those sanctions, Felice timely complied once a court deadline was set for their payment. For Mr. Meisenhelder's part, he did comply with the magistrate judge's discovery directive. And his admitted failure to recognize the docket entries as scheduling orders was in no way the fault of Felice, who has already successfully defeated summary judgment. No doubt, "the sins of the agent can be visited upon the principal," however, "the dismissal of a possibly meritorious suit imposes potential social as well as private costs greater than those of sanctioning the misbehaving lawyer, if his client has been blameless," as Felice was with respect to counsel's failure to attend the recent status and settlement conferences. *See Ball v. City of Chicago,* 2 F.3d 752, 758 (7th Cir.1993).

7

It should be understood that the undersigned does not take lightly the inconvenience (but not prejudice) caused by Mr. Meisenhelder's failure to attend the settlement conference in Lafayette, nor the series of collective failures by both Felice and Mr. Meisenhelder in complying with court orders. But giving defendants a windfall by resorting to dismissal is too extreme of a sanction. Rather, monetary sanctions in the amount of defense counsel's reasonable attorney's fees are the appropriate sanction, to be imposed upon Mr. Meisenhelder. **But let there be no mistake, given this history, any additional non-compliance by Felice or his attorney with the court's directives or orders will be judged harshly.**

In the magistrate judge's show cause order, he required defense counsel to file an affidavit detailing the costs associated with attending the settlement conference [DE 85]. Defense counsel filed their affidavit [DE 87] indicating the number of hours billed and hourly rates charged. Mr. Meisenhelder acknowledged that the appropriate sanction, if one were to be imposed, is an award to defense counsel for their fees, and he did not challenge the reasonableness of the amount of attorney's fees requested [DE 90].

Rule 16(f)(2) requires the award of reasonable expenses, including fees, *incurred because of* any noncompliance with the rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 16(f)(2) (emphasis added). Here, the failure to appear at the settlement conference was due solely to Mr. Meisenhelder's failure to take notice of the entirety of the magistrate judge's text-only orders, as previously discussed. These facts do not substantially justify Mr. Meisenhelder's noncompliance, and there are no other considerations which would make an award unjust. The reasonableness of Republic's requested fee amount is supported by the detailed affidavit of

Attorney David Carr. The affidavit includes the attorneys' actual billing rates charged to other clients during the year for comparable work, and these are "presumptively appropriate" to use as the market rate.[4] *Gusman v. UniSys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993). Plaintiff has done nothing to rebut this presumption, and the court is satisfied that the billing rates are reasonable. Additionally, the fees for preparing for and attending the settlement conference in Lafayette were certainly "incurred because of" Mr. Meisenhelder's non-compliance with Rule 16.

### III. CONCLUSION

Based on the foregoing, the undersigned REJECTS the Report and Recommendation of the magistrate judge insofar as it recommends dismissal of the case; Mr. Meisenhelder is ORDERED to pay attorney's fees and costs to defense counsel within 45 days of this order in the amount of $4,766.00, and the undersigned RECOMMITS the matter to the magistrate judge for the purpose of conducting a settlement conference, consistent with the Federal Magistrate Act, as amended, 28 U.S.C. § 636(b)(3) and Local Rule 72-1.

SO ORDERED.

ENTERED:   September 26, 2014

                                                                             /s/ JON E. DEGUILIO
Judge
United States District Court

---

[4] An attorney's "opportunity cost," that is, the rate the attorney could have received from another client charged by hour for the same type of work, is the starting point for determining his or her market rate. *See, e.g., Cooper v. Casey*, 97 F.3d 914, 920 (7th Cir.1996); *see also Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986) ("the best evidence of the value of [an attorney's] time is the hourly rate which they most commonly charge their fee-paying clients for similar legal services ") (citations omitted). Thus, it is vitally important that the attorneys confirmed that the rates charged in this matter were commensurate to the rates they charged other clients for comparable work. Had the affidavit included only the attorneys' hourly rate in *this* matter, for example, the court would be unable to determine the attorneys' opportunity cost, and would need to look to the rate charged by lawyers in the community of reasonably comparable skill, experience, and reputation to assess how the market would price these attorneys' services. *People Who Care v. Rockford Bd. of Educ., School Distr. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996). But that is unnecessary here.